This Case is stated in the opinion of the Court, which was expressed by
DAD33, J.
In the County Court of Prince William, the Overseers of the Poor of that county, made a motion ag-ainst Leach man, to recover of him a large sum of money, alleged to be due by him as the Collector of the Poor Rates. ' The question involving an investigation of accounts of considerable extent and long standing, it was ordered by the Court, with the assent of the parties, that those accounts should be referred to “Mordecai B. Sinclair, one of the Commissioners of the Court,” to be by him settled, stated and reported on. This was done, and the fee of the Commissioner, for the service, amounted to eighty dollars. The County Court rendered judgment for the plaintiff for the balance due them, including interest, and an appeal was taken to the Superior Court, where the judgment was reversed, because of the allowance of interest; wherefore, the Appellant had the costs of the appeal to the Superior Court; but, inasmuch as that Court, in rendering such judgment as the County Court ought to have given, considered that the Appel-lees were entitled to the principal of their debt, it awarded to the Appellees the costs of the County Court. These costs had been certified at the foot of the transcript of the record to amount to $85 06, without specifying the particulars of the taxation. On the • day after the judgment in the Superior Court, the Appellant moved the Court to order its Clerk, in issuing an execution upon this judgment, *to strike out of the costs certified from the County Court, the Commissioner’s fee aforesaid, and.offered to prove, by the Clerk of the County Court, that this fee constituted a part of the $85 06, certified by him as the plaintiff’s costs. He also prayed a Cer-tiorari, suggesting diminution, for the purpose of bringing up the items of taxation of costs in the Court below. In this state of the Case, these questions were adjourned to this Court.
1. Whether the Superior Court could hear evidence not apparent on the record, as to the items of the said taxation, and correct any errors existing therein, if any there be ?
2. Whether it was erroneous in the Clerk of the County Court to include the said fee in his taxation of the costs ?
As the object of the introduction of the testimony referred to in the first question, was to elicit a supposed error in the' taxation of the costs, if it should be the opinion of this Court that the item excepted to, was properly admitted into the taxation, it is apparent that it supersedes the necessity of enquiring into the mode in which this supposed error is ■ to ' be exhibited to the Court. We think that the Commissioner’s fee was properly taxed in the costs, and therefore we pass over the first question. A just construction of the order by which, with the assent of the parties, the accounts in this Case were referred to the Commissioner, imports an obligation on the part of him who should be by the result of the Case subjected to the general costs, to pay the costs which might arise from the execution of that order. It was perfectly well known to both the parties, that the service would not be rendered gratuitously by the Commissioner. The very designation of his office implied that the reference to him was in his official character. If the payment of his fees was in the contemplation of the parties, is it reasonable to suppose that they designed submitting the question, who should pay them, to his arbitrary decision, rather than to an event, which, after having afforded the parties the fairest opportunity of explaining their pretensions, would decide, by whose fault or error this expense had been incurred? The reference to the Commissioner not only had the effect of facilitating the investigation of the Cause to the parties and the Court, but it also saved, in the attendance of witnesses, a considerable expense, which would necessarily have abided the result of the cause, and for which this charge ought to be considered as, in a great degree, a substitute. We do "'not think it was a • matter of course with the Clerk to include this fee in his taxation of costs, but we think the County Court might well have ordered him to do so. Now, this order might have been merely verbal, and need not have been noticed on the minute book; .and as nothing to the contrary thereof appears, the Superior Court ought to presume that such order was given.
For these reasons, the Court is of opinion, and doth decide,'that it was not erroneous to include in the taxation of costs in the County Court of Prince William, the fee of the Commissioner, for settling, stating, and reporting the accounts between the parties, and that this opinion renders it unnecessary to decide the first question submitted to them upon this record.